IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALPESHKUMAR V. PATEL, )<br>)<br>           Plaintiff, )<br>)<br>v. )<br>)<br>MERRICK GARLAND, Attorney )<br>General of the United States; )<br>ALEJANDRO MAYORKAS, Secretary )<br>Of Homeland Security; and )<br>UR MENDOZA JADDOU, Director, )<br>U.S. Citizenship and Immigration )<br>Services, )<br>)<br>           Defendants. ) | Case No. CIV-22-379-JAR |

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss (Docket Entry #9). Plaintiff commenced this action on December 27, 2022 by a filing a "Complaint for Writ of Mandamus." (Docket Entry #2). Plaintiff, a citizen of India, filed an I-918 Petition for U-Nonimmigrant Status as well as an I-765 application, which remains pending with the United States. Plaintiff contends that Defendants have not considered the request for a U-Visa waitlist nor made a bona fide determination on Plaintiff's Petition as required by the U.S. Citizenship and Immigration Services ("USCIS") policies. Plaintiff asserts that the resulting delay of over two and a half years since the filing of the Petition without action by Defendants is unreasonable and requests this Court to make such a determination under the Administrative Procedure Act. 5 U.S.C. § 702, *et seq.*

1

In justifying the basis for the U-visa request, Plaintiff alleges that on December 12, 2019, he "was a victim of a serious and violent aggravated assault and armed robbery in Hughes County, Oklahoma. He reported the crime and cooperated in the investigation. The experience caused Plaintiff to "suffer[] from significant physical injury and mental trauma. As a result, Plaintiff states his "health and welfare have been impacted" by the delay in considering the Petition or being placed on the waitlist in that his "not protected from detention and removal from the United States" and "he cannot lawfully travel to and from the United States, and accordingly, cannot visit family that live abroad."

For their part, Defendants bring the subject Motion for the failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), contending Plaintiff (1) fails to allege the delay in processing the Petition is due to anything other than the substantial number of U-visa requests and other demands upon the USCIS; (2) fails to make the required showing to satisfy the factors adopted by the District of Columbia Circuit Court for evaluating the reasonableness of agency delays identified in Telecomms. Res. & Action Ctr. v. FCC, 750 F.2d 70 (D.C. Cir. 1984); and (3) Plaintiff's request for mandamus relief is inappropriate.

In large measure, Defendants assert Plaintiff's claims fail to meet the plausibility standard enunciated in United States Supreme Court cases of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Clearly, Bell Atlantic changed the legal

2

analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6), creating a "refined standard" on such motions. Khalik v. United Airlines, 671 F.3d 1188, 1191 (10th Cir. 2012)(citation omitted). Bell Atlantic stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) quoting Bell Atlantic, 550 U.S. at 570. The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." Bell Atlantic, 550 U.S. at 546.

The Tenth Circuit has interpreted the plausibility standard as referring "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). The Bell Atlantic case, however, did not intend the end of the more lenient pleading requirements of Fed. R. Civ. P. 8(a)(2). Khalik, 671 F.3d at 1191. Rather, in Khalik, the Tenth Circuit recognized the United States Supreme Court's continued

3

endorsement of Rule 8's "short and plain statement" requirement in the case of Erickson v. Pardus, 551 U.S. 89 (2007) wherein the Supreme Court found "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 93.

Defendants devote considerable ink in their briefing to set out the statistics concerning the average time taken to process the typical U-visa requests, the number currently pending, the limitations under the law for the number of U-visas granted, and suggests the overworked nature of the USCIS offices requiring the opening of new offices to handle the Petitions. They allege that Petitions for U-visas are handled on a "first in, first out" basis and that Plaintiff's Petition will be handled in due course under that rubric. Accordingly, Defendants contend Plaintiff cannot demonstrate on the face of the Complaint a plausible claim for unreasonable delay.

The problems this Court perceives in Defendants' arguments are (1) no evidence is currently before the Court at this dismissal stage to prove any of Defendants' allegations; (2) Plaintiff indicates that he possesses contradictory evidence that USCIS processes Petitions for U-visas on a "first in, first out" basis; and (3) little discovery has apparently been done by the parties as indicated by the Joint Status Report filed July 3, 2023 to permit the ferreting out of the necessary facts to determine the viability of Plaintiff's claims. Under the

4

Administrative Procedure Act, a plaintiff must show (1) a legally required duty to act; and (2) that the agency unreasonably delayed acting on that duty, or unlawfully withheld action.  Tista v. Jaddou, 577 F.Supp.3d 1219, 1227 (D. N.M. 2021)(citations omitted).  Plaintiff has stated sufficient facts in the Complaint to withstand the scrutiny of plausibility under Rule 12(b)(6).  This matter is more appropriately addressed after discovery has uncovered sufficient facts to proceed with summary judgment.

On the final issue of mandamus relief, it is entirely unclear whether Plaintiff is actually pursuing such a claim from the face of the Complaint.  The title to the filing references "mandamus" while the content of the Complaint does not.  To the extent Plaintiff seeks mandamus relief, this Court finds such relief misplaced.  "To be eligible for mandamus relief, the petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy."  Id. at 1231 citing Rios v. Ziglar, 398 F.3d 1201, 1206 (10th Cir. 2005).  The relief provided by the Administrative Procedure Act provides Plaintiff with an adequate remedy to compel agency action which is unreasonably delayed.  5 U.S.C. § 706(1).  As a result, any claim for mandamus relief asserted by Plaintiff is dismissed.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Docket Entry #9)is hereby **GRANTED, in part**, and **DENIED, in part**.  Any claim for

5

mandamus relief asserted by Plaintiff is hereby **DISMISSED**. The remainder of the Motion is hereby **DENIED**.

IT IS SO ORDERED this 6th day of July, 2023.

_____
JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE